LOUIS E. BORDEN *vs.* GEORGE BRIGGS.

MAY 16, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This action is before the court on plaintiff's exception to the decision of a justice of the Superior Court granting defendant's motion to vacate a judgment duly entered in a defaulted case.

The action is trespass on the case for negligence. The case was defaulted because it was unanswered. June 3 1927, on *ex-parte* motion and proof of claim damages were assessed and judgment entered for plaintiff. June 8 defendant filed a motion to vacate the judgment. The motion was supported by affidavit showing a meritorious defense on the facts and that the action was not commenced within the time limited by statute; that the agent of defendant failed to notify his attorneys of the existence of the action and that, upon learning of its pendency, his attorneys acted

promptly to protect his interest. Plaintiff opposed the motion and requested that if it were granted it should be upon condition that defendant could not plead the statute of limitations. The court entered decision granting the motion without condition. Plaintiff excepted to this decision on the ground that the court acted arbitrarily and in abuse of its discretion.

It is settled that the action of the Superior Court in removing a default will not be reversed by this court, unless it appears that the Superior Court acted in abuse of its discretion or that its decision was based upon some error of law. *Nelen* v. *Wells*, 45 R. I. 424; *Roy* v. *Tanguay*, 131 A. 553; 34 C. J. 364. Courts usually are liberal in opening judgments entered for want of appearance where a good defense or excuse is disclosed. *Roy* v. *Tanguay, supra; Densereau* v. *Saillant*, 22 R. I. 500; *R. I. Discount Corp.* v. *Carr*, 136 A. 244; *Miller* v. *McCormick*, 60 A. 48; 34 C. J. 429, n. 80. Section (5063), G. L. 1923, authorizes the court entering a judgment by default, for cause shown, to set aside the same, with or without terms.

Plaintiff claims that the court erred in vacating the judgment without imposing the condition that defendant could not plead the statute of limitations. The weight of authority is against the imposition of such a condition as the statute of limitations is generally considered a meritorious defense. 34 C. J. 380, 338; *Lilly-Brackett Co.* v. *Sonnemann*, 21 Ann. Cas. n. 1282. The imposition of terms as a condition for the removal of a judgment by default is within the discretion of the trial justice. We find no abuse of discretion or error of law in the decision removing the default without condition.

Plaintiff's exception is overruled. The case is remitted to the Superior Court for further proceedings.

*William A. Needham, Baker & Spicer*, for plaintiff.

*Sherwood, Heltzen & Clifford, Sidney Clifford*, for defendant.